### HARVEY B. HALL v. FREDERICK KIMMER.

*Pensions—Contract for prosecuting claim for—Compensation limited to ten dollars by act of Congress approved June 20, 1878—Any excess paid agent may be recovered by pensioner as money received for his use—In suit by agent to recover further extra pay, pensioner may set-off and recover judgment for that already paid—Evidence of an award by arbitrators in favor of plaintiff, properly excluded—The claim, being illegal under the federal statute, cannot be made the subject of arbitration—Such statute a beneficent one, and should be enforced by the courts for the protection of the soldier and his family.*

1. Plaintiff agreed with defendant, some time in the year 1879, to assist him in prosecuting a claim for pension through claim agents at Washington with whom he had business relations, his compensation being left to defendant to fix, who told him to "go on, and he would pay all expenses, and what was right for plaintiff's services." Defendant's application was allowed, and he paid plaintiff the statutory fee of ten dollars for the Washington claim agents, taking a receipt therefor signed by plaintiff as their agent, who retained the $10, applying it, as he claimed, on indebtedness due him from them.

Neither plaintiff nor defendant considered the ten dollars as including any compensation to plaintiff. Defendant paid plaintiff $150 for his services under the agreement, and plaintiff, claiming $300, recovered judgment for the remaining $150 in justice's court, which was reversed on appeal, and a judgment rendered in favor of defendant for the $150 already paid to plaintiff, he claiming to recover said sum under his notice of set-off. No definite proof was made at the circuit of plaintiff's expenses in prosecuting the pension claim. Evidence offered by plaintiff of an award in his favor by arbitrators of an additional $100 was excluded by the court.

*Held*, that under the federal statutes ten dollars was all that plaintiff was entitled to recover for his services, and that a charge beyond that sum was against public policy, and the excess paid could be recovered by the defendant, as money received for his use by the plaintiff, under his notice of set-off.

2. On the trial of a suit to recover compensation in excess of that allowed by law for procuring a pension, evidence of an alleged award by arbitrators, to whom the claim was submitted by the parties by parol, was properly rejected by the court. The claim, being illegal under the federal statute, could not lawfully be made the subject of arbitration.

3. The federal statute limiting the fee recoverable for obtaining a pension is a beneficent one, intended for the protection of the soldier and his family from unreasonable and unjust exactions on the part of agents who assume to act in his interest in collecting his pension, and should be applied by the courts, when invoked, in such a manner as to afford the protection intended.

Error to Calhoun. (Hooker, J.) Argued April 27, 1886. Decided April 29, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in head-note 1.

*Henry A. Shaw*, for appellant:

The court erred in rejecting the evidence offered of an arbitration of the matters in dispute between the parties: *Gooding v. Hingston*, 20 Mich. 441; *Tucker v. Barrow*, 7 B. & C. 624.

The uniform practice in this State has been to be liberal in permitting amendments, for the furtherance of justice, and to permit evidence, on the trial of appeal cases, that was admitted in the court below, or of which the opposite party has had sufficient notice to prevent surprise on his part.

The law favors the submission of matters in dispute to arbitrators, and the common law has settled and upholds parol submissions of most matters of difference, and accepts the decision of arbitrators, and permits their enforcement as cause of action or matter of defense. The record discloses that the claim of plaintiff had been submitted to arbitrators, and an award made that defendant should pay plaintiff one hundred dollars in addition to the sum already paid him; and if the pleadings were not sufficient to authorize the reception of the proof, an amendment should have been permitted by the court: Wait's Actions and Defenses, Vol. 6, Chap. 9, Arbitration and Award; *Bush v. Davis*, 34 Mich. 190–99; *Galloway v. Gibson*, 51 Id. 136–7.

The error of the court in permitting the defendant to show the voluntary payment of the $150 for plaintiff's services, and in rendering judgment for that sum in his favor, is so manifest that no time need be spent in its discussion. *Gates v. Shutts*, 7 Mich. 127–37; *Moore v. Det. Locomotive Works*, 14 Id. 266; *Hull v. Swarthout*, 29 Id. 249; *McArthur v. Luce*, 43 Id. 435–7.

Whether, at time of making the contract in evidence, there was any law for the payment of more than ten dollars for the services of an attorney or other person in procuring a pension, was an open question, and left in sufficient doubt to uphold the arbitration had by the parties: *U. S. v. Hewitt*, 11 Fed. Rep. 243.

*Herbert E. Winsor*, for defendant:

By no scheme or contrivance, such as professing to "assist" the defendant in obtaining a pension, or under the guise of a loan or other dealings, could plaintiff avoid the statute; he is limited in every case to the prescribed fee, and the taking, retaining, or contracting for more is a violation of law: *U. S. v. Moyers*, 15 Fed. Rep. 411; and money taken from a pensioner, exceeding the statutory allowance for services in obtaining a pension, may be recovered by the pensioner, although obtained from him without any wrong intention: *Smart v. White*, 73 Me. 332.

The contract sued upon was illegal, hence any action taken by the parties to arbitrate as to the additional sum to be paid plaintiff thereunder would be of no binding force upon defendant, and proof of such arbitration was properly rejected.

SHERWOOD, J.   The action in this case is assumpsit, brought
before a justice of the peace.

The plaintiff's declaration was verbal, upon all the com-
mon counts; and added thereto was a special count on a con-
tract for services of the plaintiff in obtaining pension money
to which the defendant was entitled from the general gov-
ernment, whereby the plaintiff, under the arrangement, was
to have not less than a quarter, and not more than one-half,
of the amount received in case of success, and nothing in the
case of failure.

Defendant's plea was the general issue, and notice of set-
off, and he further gave notice that he would show on the trial
that if the plaintiff had any agreement with him for services,
it was while he was acting as his agent in obtaining his pen-
sion from the government, for defendant's services as a sol-
dier in the war of the rebellion.

On the trial of the case before the justice, the plaintiff
recovered the sum of $300.

Defendant appealed the case to the circuit court for the
county of Calhoun, where the cause was retried before Judge
Hooker without a jury.

Upon the trial it was made to appear that the plaintiff col-
lected pension money to the amount of $1,500, and that the
defendant paid him for his services $150.   The plaintiff then
offered to prove that the parties submitted the plaintiff's fur-
ther claim for services to arbitrators, and that the arbitrators
made an award that the defendant should pay the plaintiff
the further sum of $100.   This testimony, being objected
to, was ruled out, and the ruling was excepted to by plaint-
iff's counsel.

After the testimony in the case was taken the circuit judge
found the following facts:

" 1. Plaintiff was engaged in the business of practicing
law in justices' courts, and in procuring pensions through a
firm of claim agents at Washington, D. C.

2. His mode of doing business was to send to said firm
the names of persons who had been in the service, receiving
in return from said firm cards upon which were printed

questions to be answered in writing thereon. The questions were written by him, and returned to the agents in Washington, who prepared and sent forward to him proper papers, and, if possible, procured the allowance of the claim, in which case they paid plaintiff for his services.

3. Defendant, believing himself entitled to a pension, asked plaintiff's advice about the matter, and what he would charge to assist him in getting it. Plaintiff said he had received different prices, depending on the amount paid out for expenses,—in some cases one-fourth, and in others one-half, the amount procured,—but as he could not lawfully contract for over ten dollars he would have to leave it to defendant to say what he should have. Defendant thereupon told him to go on, and he would pay all expenses, and what was right for plaintiff's services. This was in 1879.

4. Plaintiff procured and returned card mentioned, and went with defendant to get application signed, and also performed other services in the way of obtaining proof, writing and receiving letters, etc.

5. Defendant's application was finally allowed, whereupon he paid the plaintiff ten dollars as and for the fee of the Washington firm, taking their receipt signed by plaintiff as agent therefor. Neither considered it as including any compensation to plaintiff.

6. Plaintiff never forwarded this money to the Washington firm, claiming it to be his due from them on other claims and he authorized by them to retain it.

7. Defendant subsequently paid plaintiff the sum of one hundred and fifty dollars for his services out of the money received from the government as pension upon said allowance.

8. Plaintiff brought this action to recover a further sum, and took judgment in court below for $300.

9. No definite proof was made as to plaintiff's expenses or disbursements."

The conclusions of law are as follows:

" 1. Plaintiff was a claim agent, within the meaning of the law, and entitled to no more than ten dollars for procuring the pension. This was full compensation for all he should do, or procure to be done by his Washington correspondent.

2. Having received ten dollars for procuring said pension, he can recover no more for his services.

2. The payment of $150 was without consideration, and,

so far as defendant is concerned, unlawful, and may be recovered back by way of set-off.

4. Defendant should take judgment for $150 and costs."

Judgment was subsequently entered, in accordance with the finding, in favor of the defendant, under his plea of set-off, for $150, and costs to be taxed. Plaintiff brings the case here for review.

We think, under the findings and proofs contained in the record, the judgment is correct, and must be affirmed.

There seems to be no question but that the services claimed for were in procuring the defendant's pension, in 1879. This is fully established by the findings of the circuit judge, and the plaintiff admits the receipt of the $150, besides the ten dollars which he claimed was for the agent at Washington.

Under the laws of the United States ten dollars was all he was entitled to recover, and anything beyond that is positively forbidden by the statute.[1] A charge beyond ten dollars is, under the law, against public policy, and cannot be sustained : U. S. v. Moyers, 15 Fed. Rep. 411. The money taken, beyond the amount allowed for such services, by the agent, may be recovered back by the pensioner, as money received for his use : Smart v. White, 73 Me. 332. It was therefore competent for the defendant to recover the amount so illegally taken, under his plea of set-off, and judgment was properly rendered therefor.

The claim of plaintiff, being illegal and absolutely forbidden by statute, could not lawfully be made the subject of arbitration, as claimed by plaintiff's counsel, between the parties, and the court committed no error in ruling out the testi-

---

[1] By an act of Congress approved June 20, 1878 (vol. 20, U. S. Statutes at Large, p. 243), it was declared unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars, and that thereafter no fee contract should be filed, in any case, with the Commissioner of Pensions. This act was in force at the time the contract was made between plaintiff and defendant in this case.

By an act of Congress approved July 4, 1884, the above act was repealed, with a saving clause, etc., and section 4785 of the U. S. Revised Statutes, which was repealed by the act of June 20, 1878, re-enacted, and section 4786 amended (see vol. 23, U. S. Statutes at Large, pp. 98,99, 100, 101).

mony upon that subject; and for the same reason no error was committed in disallowing the amendment offered by plaintiff's counsel to his bill of particulars for the purpose of supporting the testimony relating to the amount awarded.

The federal statute is a beneficent one, intended for the protection of the soldier and his family from unreasonable and unjust exactions on the part of agents who assume to act in his interest in collecting his pension, and it should be applied in all cases, when invoked, in such manner as to secure the object and afford the protection intended. We think the law applies with much force to the facts disclosed in the record, and Judge Hooker's conclusion in the matter must be affirmed, with costs of all the courts.

The other Justices concurred.