JAMES J. LUM v. THOMAS J. FAUNTLEROY.

80   757<br>e93   626

CONSTITUTIONAL LAW. *Constitution of the United States. Art. IV*, sec. 1.
   *Judgments of other states. Immoral consideration. Gambling.*
   *"Futures." Code* 1892, § 2117.

   A judgment of another state, based upon the award .of arbitrators
   finding a sum due the plaintiff from defendant, growing out of a
   gambling contract made in this state, a dealing in futures, is not
   within the protection of art. IV., sec. 1, constitution of the United
   States, providing that full faith and credit shall be given in each
   state to the judicial proceedings of every other state, so as to pre-
   clude the defendant, when sued upon the judgment in this state,
   from showing the immoral consideration upon which it was
   based, and thereby defeating the suit.

FROM the circuit court of Warren county.

HON. SAMUEL M. SHELTON, Special Judge.

Fauntleroy, appellee, was plaintiff in the court below; Lum,
appellant, was defendant there.    The suit was upon a judg-
ment recovered against the defendant in the state of Missouri.
The plaintiff claimed that defendant owed him a debt growing
out of a gambling contract made in this state; the controversy
was submitted to arbitration, and the arbitrators awarded a
sum against defendant.    The Missouri suit was based on the
award, and the court of that state refused to go behind the
award, and rendered judgment against defendant.    When
sued in this state upon the judgment the defendant, by way
of defense, set up the immoral consideration upon which the
award and the Missouri judgment were based.    The court
below gave judgment for plaintiff, and the defendant appealed
to the supreme court.

*Catchings & Catchings,* for appellant.

The defense made by the plea, while novel in the sense that
it does not appear to have been presented in its exact form to

any court, yet rests upon sound principles, which in a number of cases have been recognized and affirmed. The question is simply this: Do sec. 1 of art. 4 of the constitution of the United States, which requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceeds of every other state, and the act of Congress enacted in pursuance of it, which requires such acts and judicial proceedings shall have such faith and credit given to them in every court within the United States, as they have by-laws or usage in the state from which they were taken, compel the courts of this state to enforce a judgment rendered in the state of Missouri, which was based upon a contract made in this state, in violation of both its civil and criminal laws, and which by the laws of this state they are expressly prohibited from enforcing?

If the facts stated in the plea as to the nature of the controversy upon which the award was based, be true, and if suit had been brought upon said award in this state, our courts clearly would not and could not have lent their aid to its enforcement.

The constitution of the United States and the act of congress enacted to give it effect, were not intended to confer jurisdiction upon the courts of the different states.

The case of *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S., 286, we respectfully submit, announces principles which fully justify the plea filed by appellants in the circuit court. That was an action brought in the supreme court of the United States upon a judgment recovered by the state of Wisconsin in one of her own courts against the Pelican Insurance Company, a Louisiana corporation for penalties imposed by a statute of Wisconsin for not making returns to the insurance commissioner of the state, as required by that statute. The insurance company, among other things, insisted that the provision of the constitution of the United States that the supreme court should have original jurisdiction of controversies between a state and

citizens of another state, did not authorize that court to enforce a judgment founded upon penalties imposed by the Wisconsin statute.

It was argued for the state of Wisconsin that the penal element entering into the original cause of action was conclusively tried, adjudicated, and settled beyond review by the Wisconsin court, and that the cause of action, no matter what it originally was, after it had been reduced to judgment, could not be inquired into; that the action upon the judgment was an action *ex contractu,* and therefore of a civil nature; that the judgment was a new debt, with all the characteristics of contract obligation, against which no defense was allowable that did not arise subsequently to the judgment; and that the provisions of the constitution and of the act of congress by which the judgments of the courts of any state are to have such faith and credit given to them in every court within the United States, as they have by the laws or usage in the state in which they were rendered, also precluded any inquiry into the nature of the action upon which the judgment was rendered. All of these contentions were rejected by the supreme court. Among other things it said: "The grant as to judicial power was not intended to confer upon the courts of the United States jurisdiction of a suit or prosecution by the one state of such a nature that it could not, on the settled principles of public and international law be entertained by the judiciary of the other state at all."

It then proceeded to show that under settled principles of public and international law the courts of one state cannot be required to enforce the penal laws of another.

It stated that this rule not only applied to all suits for the recovery of pecuniary penalties, but also "to all judgments for such penalties." The court remarked: "If this were not so, all that would be necessary to give ubiquitous effect to a penal law would be to put the claim for the penalty into the shape of a judgment."

As to the provision of the constitution which requires full faith and credit to be given to the judgments of the states, it was said that it did not affect the role of public and international law, by virtue of which a state cannot be required to enforce the penal laws of another state. The court said: "Those provisions establish a rule of evidence rather than of jurisdiction. While they make the record of a judgment rendered after due notice, in one state, conclusive evidence in the court of another state, or of the United States, of the matter adjudged, they do not affect the jurisdiction either of the court in which the judgment was rendered or of the court in which it is offered in evidence." Again, it said: "The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it, and the technical rules which regard the original claim as merged in the judgment and the judgment as supplying a promise by the defendant to pay it, do not preclude a court to which a judgment is presented for the purpose of examining into the validity of the claim from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

With regard to future contracts, § 2117 of the code of 1892 declares: "Nor shall any contract of the kind commonly called 'futures' be enforced, nor shall a contract in this section mentioned be a valid consideration, in whole or in part, for any promise or undertaking."

The purpose of the appellant's plea was not to re-open the question as to the validity of the judgment but to bring to the knowledge of the court that the claim was one of such nature that by the laws of this state it was not authorized to enforce it. The attention of the court was also called by the plea to the fact that the claim upon which the judgment was based rested upon a contract made in this state and in violation of its criminal laws.

It is always allowable to inquire into the cause of action upon which a judgment has been rendered, which does not

change its essential nature and real foundation, for the purpose of ascertaining whether the claim is one of such a nature that the court is authorized to enforce it.

*McLaurin, Armistead & Brien* for appellee.

The plaintiff, to maintain his plea, relies on the case of *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S., 265, and he contends that wherever courts of any state in which a judgment of a sister state is sued on will inquire into the judgment sufficiently to determine the jurisdiction of the court, and if it is found that the court in which the judgment is sued on has no jurisdiction of the subject matter, that that state will decline to enforce the judgment. Defendant further contends that art. 4, sec. 1, of the constitution of the United States is a rule of evidence and not of jurisdiction, and that the constitutional protection afforded the judicial proceedings and records of sister states only extends to the proof of the judgment that is making it competent evidence in the state where sued on, but that the state in which the judgment is sued on must determine for itself whether or not it will enforce that judgment.

Inquiring into a judgment of a sister state sufficiently to find out whether the court in which the judgment is sued on has jurisdiction to enforce the judgment of the sister state has reference to the scope of the jurisdiction of the court generally and not to an inquiry into the merits of the case. To illustrate, it has reference to the courts and to the subject matters that they deal with rather than the merits of the causes in which the judgment was rendered.

In the *Pelican Insurance Company case,* 127 U. S., 291, the court used the following language: "Those provisions establish a rule of evidence rather than of jurisdiction. While they make the record of a judgment rendered after due notice in one state conclusive evidence in the courts of another state, or of the United States, of the matter. adjudged, they do not affect the jurisdiction of the court in which it is offered in

evidence.  Judgments recovered in one state of the Union, when proved in the courts of another government, whether state or national, within the United States, differ from judgments recovered in a foreign country in no other respect than in not being re-examinable on their merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties." Citing *Hanley* v. *Donoghue,* 116 U. S.

The court will bear in mind that the *Pelican Insurance case* was a suit on a judgment rendered in Wisconsin in the federal court to enforce a penalty, and the court held that they would inquire into the judgment sufficiently to determine whether the court had jurisdiction to enforce a penalty, which, they held, that they did not have; but they never once attempted to hold that they would go further in inquiring into the judgment on the merits to determine whether or not the trial in the state of Wisconsin, which rendered the judgment, was fairly conducted or not.

Referring to the case of *Hanley* v. *Donoghue,* above cited, we think the position of counsel is absolutely overturned, for that case is similar to the case at bar. In that case a judgment had been recovered in Pennsylvania against certain parties, and that judgment was sued on in the state of Maryland, and to the declaration, which contained three counts, the defendant filed a general demurrer, which was sustained by the court, affirmed by the court of appeals of the state of Maryland, and reversed by the supreme court of the United States, which laid down the rule in this language: "By the settled construction of these provisions of the constitution and statute of the United States, a judgment of a state court, in a cause within its jurisdiction and against a defendant lawfully summoned or against lawfully attached property of an absent defendant, is entitled to as much force and effect against the person summoned or the property attached, when the question is presented for decision in a court of another state, as it has

in the state in which it was rendered." Citing *Maxwell* v. *Stewart,* 22 Wall., 77; *Insurance Co.* v. *Harris,* 97 U. S., 331: *Green* v. *Van Buskirk,* 7 Wall., 139; *Cooper* v. *Reynolds,* 10 Wall., 308.

Inasmuch as it is admitted that the judgment sued on is a valid judgment in the state of Missouri, upon what authority could the courts of this state permit the same defenses that were asserted in that court to be again asserted, or upon what authority could they permit the merits of the controversy in the city court of St. Louis to be inquired into again in the courts of this state?

TERRAL, J., delivered the opinion of the court.

Until the supreme court of the United States shall expressly so declare we will not hold that a contract condemned by our civil and criminal laws as immoral, and which the courts of this state are prohibited from enforcing, is sanctified and purged of its legality by a judgment rendered in another state against a citizen of this state, sued and served with process on being found temporarily in the jurisdiction of the court, so that in a suit here on such judgment the illegal character of the cause of action may not be inquired into. There are decisions of the supreme court which seem to hold that it is not allowable to go behind the judgment for the purpose of examining into the validity of the claim, but we are unwilling to believe that it will ever be held that a court is precluded by the constitution of the United States from ascertaining whether the claim on which a judgment is rendered in another state is such an one as the courts of the state in which suit on the judgment is brought, on grounds of public policy, are expressly prohibited from enforcing. If this be law, all that is necessary to free the most corrupt transaction from all objection is to obtain service on a party and get judgment in another state, and then come into a court of this state and obtain judgment, by virtue of art. 4, sec. 1, constitution of the United States and the act of

congress in pursuance of it. It is true the suit in Missouri was on an award of arbitrators, but the matter submitted as averred by the plea was a claim based on a gambling contract in "futures," and the illegality of the transaction was not involved in the submission, and, therefore, was not, if it could be, concluded by the award. The second replication to the plea of defendant does not controvert the allegation of the plea as to its averment that the illegality of the transaction was not involved in the arbitration, and we interpret this replication as merely intended to invoke the constitution of the United States as precluding inquiry into the nature of the cause of action on which judgment was rendered. This question had been raised by the demurrer to the plea, which the court overruled, and the second replication was no more than calling in question at a later stage of the case the correctness of the former ruling. We approve the former ruling, believing that the plea presents a bar to the action.

*Reversed and remanded.*