BERT K. SMITH V. S. W. GLADNEY.

No. 6767.   Decided December 2, 1936.
(98 S. W., 2d Series, 351.)

*Smith & Smith,* of Fort Worth, for plaintiff in error.

*Cantey, Hanger & McMahon* and *J. A. Gooch,* all of Fort Worth, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The only question in this case is whether or not an award of arbitrators based upon a gambling transaction can be enforced in a proceeding in court.   Plaintiff in error, Bert K. Smith, and defendant in error, S. W. Gladney, had certain dealings involving trading in futures upon the Chicago Board of Trade.   Such transactions were undoubtedly in violation of public policy.   In these dealings Smith became indebted to Gladney,—so the latter claimed.   A dispute arose, and the matter was submitted to the Arbitration Committee of the Fort Worth Grain & Cotton Exchange, of which organization both parties were parties.   Smith submitted to the arbitration under protest.   The arbitrators found in favor of Gladney.   As Smith refused to pay the amount of the award, suit was brought thereon in the District Court of Tarrant County.   The trial court instructed a verdict in favor of Gladney, on the theory

that the award of the arbitrators was final. The Court of Civil Appeals affirmed the judgment of the trial court. 70 S. W. (2d) 342.

It appears to be almost universally recognized that a claim arising out of an illegal transaction, such as a speculation in futures, is not a legitimate subject of arbitration, and an award based thereon is void and unenforceable in courts of the country. Tandy v. Elmore-Cooper Livestock Commission Company, 113 Mo. App., 409, 87 N. W., 614; Benton v. Singleton, 40 S. E., 811; Lum v. Fauntleroy, 80 Miss., 757, 32 So., 290; Hall v. Kimmer, 61 Mich., 269, 28 N. W., 96; Polk v. Cleveland Railway Company, 20 Ohio App., 317, 151 N. E., 808.

In the case of Benton v. Singleton, supra, a principal brought suit against his broker to enforce an award of margins and profits due to plaintiff as a result of a speculation in cotton futures. The court, in an able and exhaustive opinion by Justice Lumpkin, held that the award was of no legal effect. The gist of the holding was that "a claim arising out of an illegal transaction is not a legitimate subject matter for submission to arbitrators, and an award founded thereon is a nullity. .

A claim that cannot be made the basis of a suit cannot be made the basis of an arbitration. The mere submission of an illegal matter to arbitrators and reducing it to an award does not purge it of its illegality. In the case of Fain v. Headerick, 44 Tennessee, 327, it was said: "But can an award springing out of an illegal consideration, which no court can enforce, stand on any higher ground than the contract itself? Is the contract purged of its illegality by the award? We think not, and we apprehend that no authority can be found that goes to this extent."

There is a distinction between this case and such a case as DeLeon v. Trevino, 49 Texas, 88, 30 Am. Rep., 101, cited by the Court of Civil Appeals. In that case partners engaged in a business which was illegal, after its dissolution, had a mutual settlement, and adjusted the profits and losses, one partner executing notes to the other for the balance agreed to be due. The suit was upon these notes and there was no necessity for inquiring into the transactions out of which the notes arose. However, in that case the court said: "If the notes sued upon had been given to carry on the illegal enterprise, instead of settlement of it, the taint of the contract would have attached to the notes, and appellees could not maintain an action upon them."

The question in this case is simply that the illegal transaction could not be made the subject matter of an arbitration and an award. In the Tandy Case, supra, the court said: "The laws in support of a general public policy and in enforcement of public morality cannot be set aside by arbitration, and neither will persons with a claim forbidden by the laws be permitted to enforce it through the transforming process of arbitration."

The suit being upon the award, and it appearing that the transaction on which the award was based was an illegal one, the judgments of the Court of Civil Appeals and of the trial court are reversed, and judgment is hereby rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court December 2, 1936.