



# MEMORANDUM OPINION

No. 04-10-00573-CV

**ASPRI INVESTMENTS, LLC**,
Appellant

v.

Maryam Begum **AFEEF** and ENM Food Mart, Inc.,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-03099
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2011

AFFIRMED

Aspri Investments, LLC appeals the trial court's judgment confirming an arbitration

award in favor of Maryam Begum Afeef and ENM Food Mart, Inc.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute arose out of a commercial property lease entered into in February

2005 between Aspri Investments, LLC ("Aspri") as lessor and Maryam Begum Afeef and ENM

Food Mart, Inc. (collectively "ENM") as lessees. The leased property was used as a convenience store, gas station, and car wash.

On October 3, 2006, ENM attempted to exercise an option to purchase the property in accordance with the terms of the lease. However, Aspri contended ENM was in default of the lease, and on October 6, sent ENM a notice to vacate the premises and terminating the lease. On October 10, 2006, Aspri filed a demand for arbitration of its claim for forcible detainer with the American Arbitration Association. A few days later, Aspri filed a lawsuit in Bexar County District Court against ENM, Mrs. Afeef, and her son and store manager, Ahmed "Tony" Afeef. The petition and attached affidavit asserted that ENM owed past-due rent and that Aspri owned or had a security interest in the inventory and equipment in the store. Aspri sought damages, a temporary restraining order, and permanent injunction. The trial court issued a temporary restraining order on October 17, 2006, that prohibited ENM from removing anything from the store and from interfering with Aspri's possession. ENM filed counterclaims for tortious interference with contract and business relationships, conversion, malicious prosecution, and wrongful injunction. ENM also requested the court abate the proceedings for arbitration of all issues relating to the lease. However, ENM asserted that its tort claims against Aspri did not relate to the terms of the lease and were not subject to arbitration. In November 2006, the district court issued a temporary injunction, set the case for final trial on April 2, 2007, and abated the case for arbitration.[1] Soon after the suit was filed, Aspri filed a landlord's lien for unpaid rent pursuant to sections 54.021 and 54.022 of the Texas Property Code.

The arbitrator issued an award in March 2007, finding that Aspri had no right to terminate the leasehold and that the lease termination, eviction, and restraining order were wrongful. The arbitrator found that Aspri breached the lease and was not owed any past rent, but

---

[1] The trial court's 2006 order abating the case for arbitration is not in the record.

that ENM's attempt to exercise the option was faulty. The arbitrator found that ENM had not demanded arbitration of claims for damages and that issue was not before the tribunal.

After the arbitration award was filed in the trial court, ENM filed a jury demand on its counterclaims and a motion for continuance of the April 2, 2007 trial setting in order to conduct discovery on its claims for damages. After a lengthy discussion at the April 2, 2007 hearing, the trial court denied the motion for continuance and ruled that it would render final judgment based on the arbitration award. The trial court's judgment was signed the same day. The judgment recited the court was confirming the arbitration award by: declaring that Aspri's termination of the lease and eviction of ENM were wrongful and ENM's attempt to exercise the option was ineffective; awarding possession of the premises to ENM; and denying ENM's counterclaims. Aspri appealed the judgment and posted a $25,000 supersedeas bond to suspend issuance of a writ of possession. ENM did not appeal. In February, 2008, this court affirmed the judgment. The Supreme Court denied review in August 2008.

After the Supreme Court denied review, Aspri sent ENM a letter purporting to tender possession of the premises and demanding payment of rent. However, Aspri did not deliver keys to the property and did not tender a return of any of ENM's property, equipment, or inventory which it had seized. Additionally, another tenant was in possession of the premises and demanded $150,000 to vacate. When ENM objected to the purported tender, Aspri sent a letter again stating the lease was terminated for nonpayment of rent.

On October 27, 2008, ENM filed a demand for arbitration, alleging wrongful eviction, wrongful injunction, failure to tender possession in compliance with prior arbitration award and judgment, breach of contract, fraud, theft, conversion, and intentional infliction of emotional distress. ENM sought lost profits, damages for loss of business reputation, the value of property,

equipment, and inventory seized, mental anguish damages, exemplary damages, attorney's fees, and release of the lien Aspri filed during the first arbitration. Aspri filed a counterclaim for $20,000 in past due rents and for a declaration of its rights and responsibilities under the April 2, 2007 judgment. In addition, Aspri asserted that ENM's claims were barred by res judicata, by the statute of limitations, and because they were compulsory counterclaims in the previous arbitration and court proceeding. Aspri did not assert ENM had waived its right to arbitration nor did it attempt to stay the arbitration via a court proceeding.

Arbitration was conducted in November 2009 before a panel of three arbitrators. The panel issued a unanimous 24 page decision, including 131 findings of fact and 43 conclusions of law, on February 12, 2010. The panel found in ENM's favor on all claims except the claims for mental anguish damages, and considered and rejected all of Aspri's defenses. The award gave ENM an option of restoring the lease plus damages or damages only, and ordered Aspri to release the lien. ENM subsequently opted to recover damages only.

ENM filed suit in district court, seeking confirmation of the award. Aspri answered and filed a motion to vacate, correct, or modify the award. The trial court held an evidentiary hearing and later signed a judgment confirming the award. The judgment, which includes interest to the date of the judgment and attorney's fees awarded by the arbitration panel, is for $1,713,011.69. Aspri appeals the judgment, complaining the trial court erred in confirming and not vacating the award because (1) ENM waived its right to arbitrate any claims arising from the 2006 lease termination and eviction; (2) all claims arising out of the 2006 lease termination and eviction are barred by res judicata; (3) the arbitration panel exceeded its powers; and (4) the panel manifestly disregarded the law and committed gross mistake.

**FEDERAL ARBITRATION ACT OR TEXAS GENERAL ARBITRATION ACT?**

The parties' lease contained an agreement to arbitrate. The agreement does not specify whether the Federal Arbitration Act ("FAA") or the Texas General Arbitration Act ("TAA") would govern; however, the lease contains a choice of law clause, providing that the laws of the State of Texas governs enforcement of the lease.

The TAA applies to written agreements to arbitrate unless the agreement is excluded from coverage by section 171.002 of the Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001, 171.002 (West 2011). Neither party contends their agreement is excluded from coverage under the TAA. However, ENM argues that Texas law regarding enforcement of the arbitration award is preempted by the Federal Arbitration Act. We disagree. For the FAA to preempt the TAA, the agreement must involve interstate commerce **and** "state law must refuse to enforce [the] arbitration agreement that the FAA would enforce, either because (1) the TAA has expressly exempted the agreement from coverage, or (2) the TAA has imposed an enforceability requirement not found in the FAA." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (citations omitted); *see Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97-98 (Tex. 2011), *petition for cert. filed*, — U.S.L.W. — (U.S. Aug. 11, 2011) (No. 11-1188). The FAA does not preempt all inconsistent state laws relating to arbitration; rather it only "preempts state-law impediments to arbitration agreements." *Nafta*, 339 S.W.3d at 100. The only argument made in this appeal against enforcement of the arbitration agreement is Aspri's argument that ENM waived its right to arbitrate these claims. However, because Texas law on waiver of arbitration is consistent with federal law, there is no preemption. *See Perry Homes v. Cull*, 258 S.W.3d 580, 595 (Tex. 2008), *cert. denied*, 129 S.Ct. 952 (2009) (in order to keep state and federal arbitration law consistent, court holds proof of waiver in arbitration context requires showing of prejudice).

Because the TAA applies to the parties' arbitration agreement and its application is not preempted by federal law, we apply the TAA in our review of the trial court's judgment.

## STANDARD OF REVIEW

We review de novo the trial court's judgment confirming an arbitration award "while giving strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution." *Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied); *see Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied). Judicial review of arbitration awards is "extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). Courts are to indulge all reasonable presumptions in favor of the award, and neither an arbitrator's mistake of fact or error in applying substantive law is ground for vacating an award. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Centex/Vestal*, 314 S.W.3d at 683.

## WAIVER

In its first issue, Aspri contends the trial court erred by failing to vacate the arbitration award on the ground that ENM waived any right to arbitrate the underlying dispute. The trial court's rejection of this argument is a question of law we review de novo. *Perry Homes*, 258 S.W.3d at 598 & n. 102.

There is a strong presumption against waiver of arbitration. *In re D. Wilson*, 196 S.W.3d at 783. The burden is on the party seeking to have claims heard in a court instead of in arbitration to prove it has been prejudiced by the other party's substantial invocation of the judicial process. *Perry Homes*, 258 S.W.3d at 593-94. Aspri argues ENM waived its right to

arbitrate by filing its claims in the first suit, asserting the claims should not be arbitrated, and demanding a jury trial. Aspri contends ENM turned to arbitration only after suffering an adverse result in the first suit, and to allow arbitration at this late date is inherently unfair.

Waiver, in the context of arbitration, "relates to inherent unfairness — that is, a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* at 597. ENM argues that Aspri engaged in the same inherently unfair conduct it accuses ENM of, and should not be allowed to raise a waiver argument for the first time after the arbitration award was rendered. We agree with ENM.

Aspri acquiesced to ENM's demand for arbitration of its damage claims. Although Aspri pled and pursued various procedural and merits-based defenses in the arbitration, it did not assert that ENM had waived a right to arbitrate any of its claims and took no action to have the claims adjudicated in court instead of arbitration. Instead, Aspri waited until after the entire arbitration proceedings had concluded and an adverse award entered, before asserting a right to judicial determination of the claims and defenses based on ENM's waiver.

Aspri contends it could raise waiver for the first time in its motion to vacate the arbitration award. However, in each of the cases it relies upon, waiver was urged to the court *before* the arbitration, either in response to a motion to compel arbitration or in a motion to stay or enjoin arbitration. *See, e.g.*, *Perry Homes*, 258 S.W.3d at 584-85; *Haddock v. Quinn*, 287 S.W.3d 158, 167-68 (Tex. App.—Fort Worth 2009, mandamus denied & pet. denied). Aspri has not cited any cases in which a party was allowed to remain silent on waiver throughout the arbitration and then obtain a vacatur of an unfavorable arbitration award, claiming the case should be tried because arbitration was waived. Rather, Aspri cites *Holcim (Tex.) Ltd. P'ship v. Humboldt Wedag, Inc.*, 211 S.W.3d 796, 803 (Tex. App.—Waco 2006, no pet.) for the

contention that waiver is an "issue of arbitrability" that it may raise in a motion to vacate without having first sought a stay of the arbitration. In *Holcim*, the party sought to vacate an arbitration award on the ground there was no agreement to arbitrate. The court held the issue could be raised in a motion to vacate the arbitration award even though no motion to stay had been filed. 211 S.W.3d at 802-03. The holding was based on section 171.088(a)(4) of the TAA, which authorizes vacatur of an arbitration award if "there was no agreement to arbitrate," provided "the party did not participate in the arbitration hearing without raising the objection." *Id.* at 803; TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(4) (West 2011). Because the party had filed a motion in the arbitration proceeding, seeking to bar the claims on the basis there was no arbitration agreement, the issue could be asserted in the motion to vacate. *Holcim*, 211 S.W.3d at 803. In contrast, Aspri did not assert that ENM had waived its right to arbitration in any of the arbitration pleadings contained in the record or in its oral arguments to the arbitration panel. Aspri never sought to stay or enjoin the arbitration or otherwise move ENM's claims from the arbitration forum to a judicial forum. Thus, even if a waiver argument is within the scope of section 171.088(a)(4), which we do not decide, it would not apply in this case because Aspri participated in the arbitration hearing without raising the objection.

In conclusion we hold that, although ENM's pursuit of its counterclaims in the 2006 litigation may have been a waiver of its right to arbitrate those claims, Aspri waived its right to assert waiver by acquiescing in the 2009 arbitration without complaining of ENM's waiver and without seeking to have the claims adjudicated in a judicial forum.

## RES JUDICATA

The April 2, 2007 judgment denied ENM's counterclaims for damages arising out of the 2006 lease termination, eviction, TRO, and injunction. ENM did not appeal the judgment and

the judgment became final. In its second issue on appeal, Aspri argues the trial court erred by failing to vacate the 2010 arbitration award because most of ENM's claims are barred by res judicata. Aspri contends that res judicata was an issue for the district court to decide, not the arbitration panel, and that Aspri conclusively established its res judicata defense in the trial court. Alternatively, Aspri argues the trial court erred in denying the motion to vacate because the arbitrators committed a gross mistake by ignoring the res judicata effect of the 2007 judgment and because the award violates fundamental Texas policy regarding the finality of judgments.

### A. Is the res judicata effect of the 2007 judgment decided by the court or the arbitration panel?

As a general rule, res judicata is an affirmative defense for the arbitrator to decide. *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *see Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002) (holding that unless arbitration agreement provides otherwise, court determines only matters of substantive arbitrability, such as whether dispute falls within scope of arbitration provision; arbitrator determines matters of procedural arbitrability—those that "grow out of the dispute and bear on its final disposition," such as delay, time limits, notice, laches, and estoppel). Some courts have recognized a limited exception to the rule when the prior judgment arose from a court proceeding, rather than an arbitration. *See W. Dow Hamm*, 237 S.W.3d at 755. "The rationale for the prior-court-judgment exception is that a court is inherently empowered to protect the integrity and finality of its own prior judgment, and this policy outweighs even the strong policy in favor of arbitration." *Id.* However, when the prior judgment was simply a confirmation of an arbitration award, rather than a result of an independent court adjudication, the same institutional concerns are not present, and the application of res judicata remains an issue for the arbitrator. *Id.* at 756.

The parties disagree as to whether the 2007 judgment against ENM on its counterclaims was simply a confirmation of the arbitration award or the result of an independent court adjudication. Aspri contends ENM's claims were not decided in the first arbitration and that the district court independently adjudicated them;[2] ENM contends the trial court did not adjudicate its claims and merely confirmed what it believed the arbitrator had awarded. To decide this issue, we review the 2007 arbitration award, the record of the subsequent hearing in the trial court, and the 2007 judgment.

When the first arbitration occurred, ENM had pending in the trial court various claims arising out of the lease termination and eviction. However, ENM had asserted in its trial court pleadings a desire to try those claims and did not demand arbitration of the claims or present them in the arbitration. The March 2007 arbitration award included findings that the lease termination and eviction were wrongful, but with respect to any damages incurred by ENM, the award stated:

> The issue of [ENM's] damages for the wrongful termination has not been submitted by demand and payment of the appropriate fee to the American Arbitration Association. Therefore, that issue is not properly before this tribunal.
>
> . . .
>
> This Award is in full settlement of all claims submitted to this Arbitration. All damages, claims, or other relief requested by Claimants or Respondents which are not expressly granted or awarded herein, are hereby expressly denied.

At the subsequent April 2, 2007 hearing in the trial court, ENM contended that its counterclaims had not been submitted to arbitration and remained pending in the district court, and that it was entitled to a continuance to conduct discovery. Aspri took the position that the counterclaims were compulsory in the arbitration and that the arbitrator found ENM had waived them by not

---

[2] Aspri took the opposite position in the 2007 hearing on confirmation of the award, convincing the trial court that the arbitrator had denied ENM's counterclaims on the merits for failure to present evidence of damages.

submitting any evidence. After reviewing the award and hearing argument, the trial court construed the award as disposing of the entire case and stated:

> The Court is going to enter judgment based on the arbitrator's ruling that there was no right to terminate the lease; that the eviction of the respondent by the TRO was wrongful; that the respondent failed to bring forth damages to the arbitration tribunal; therefore, there are no damages. . . . That's what the arbitrator ruled in my opinion.

The 2007 judgment recites the court is "enter[ing] and confirm[ing] the Award of the Arbitrator as follows:" There follows four numbered paragraphs, one of which awards ENM possession of the premises, but otherwise denies its counterclaims. The judgment concludes by stating, "This is a Final Judgment. All other claims presented in the arbitration are expressly denied."

Although we agree with Aspri that ENM's counterclaims were not submitted or decided in the first arbitration, we disagree that the trial court independently adjudicated them. It is apparent from the record of the 2007 confirmation hearing and the judgment itself that the trial court construed the 2007 arbitration award as denying ENM's counterclaims, and the trial court purported simply to be confirming the award. That the court may have misinterpreted the award does not mean it independently adjudicated ENM's claims. Accordingly, this case comes within the general rule that the res judicata defense was for the arbitration panel to decide. *See id.* at 756.

### B. The arbitration panel's res judicata decision

In rendering its decision on Aspri's res judicata defense, the arbitration panel appears to have examined at least some of the pleadings from the first arbitration and district court suit, the 2007 arbitration award, the judgment confirming that award, and the opinion on appeal.[3] The

---

[3] Aspri filed an incomplete record of the arbitration in the trial court. Although a reporter's record of the testimony and oral arguments presented at the arbitration was filed, no exhibit volume was filed in the trial court and only some of the arbitration pleadings were filed. The reporter's record of the arbitration includes an exhibit list. However, the list does not specifically identify each document admitted before the panel. Some of the descriptions

panel found that Aspri filed the first arbitration demand as a forcible detainer action and that the only issue in that arbitration was possession. It found that ENM's claims for damages were not compulsory counterclaims in the first arbitration and the arbitrator did not consider or dispose of the claims. The panel found the first arbitration resulted in the March 2007 award that Aspri wrongfully terminated the lease and wrongfully evicted ENM by temporary restraining order, and that the award in favor of ENM was confirmed by the district court on April 2, 2007. In addition, the panel found that ENM's claims for damages related to the termination of the lease and wrongful eviction were not tried on the merits in the district court, and that all those claims were matters for arbitration pursuant to the parties' agreement. The panel concluded that because the district court did not conduct a hearing on the merits on ENM's damage claims and those claims were matters for arbitration, the district court did not have authority (or "jurisdiction") to dispose of the claims. The panel also concluded that the 2007 judgment confirming the arbitration award "did not address the damage claims the subject of this arbitration." Based on these findings and conclusions, the arbitration panel declined to hold that res judicata barred ENM from pursuing its claims in the second arbitration.

### C. Did the trial court err in denying the motion to vacate because the panel made a gross mistake in deciding res judicata?

Aspri argues the trial court erred in confirming the award and denying its motion to vacate because the arbitration panel committed a gross mistake by rejecting its res judicata defense. Under the TAA, a court must confirm an arbitration award on the application of a party unless a statutory ground for vacating, modifying, or correcting the award under section 171.088

---

are generic, e.g., "judgment," "claim summary," and others reflect exhibits were admitted in clusters, e.g., "Notices and approvals," "Previous Arbitration: #70115E68506 Certified Copy of AAA Documents," "District court Bexar County Court Orders." Aspri filed numerous documents and pleadings as exhibits to its pleadings in the trial court and at the confirmation hearing. However, it did not establish which of these were before the arbitration panel. Nor did Aspri identify what additional, unfiled, documents and pleadings were before the arbitration panel.

or 171.091 is shown. TEX. CIV. PRAC. & REM. CODE ANN. §171.087 (West 2011). However, the Texas courts of appeals recognize some common law defenses as being cumulative of the statutory grounds for vacatur. *See Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 415 (Tex. App.— 2009 Fort Worth, no pet.); *Werline v. E. Tex. Salt Water Disposal Co., Inc.*, 209 S.W.3d 888, 897-98 (Tex. App.—Texarkana 2006), *aff'd*, 307 S.W.3d 267 (Tex. 2010); *GJR*, 126 S.W.3d at 263; *but see E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 282 n. 7 (Tex. 2010) (noting that court of appeals held arbitration award could be set aside under common law for fraud, misconduct, or gross mistake, but "express[ing] no opinion on this issue"); *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) ("assuming without deciding" party could attack arbitration award on common law ground of gross mistake, failure to award any damages was not gross mistake).[4]

The trial court must indulge every reasonable presumption in favor of upholding an arbitration award. *CVN Group*, 95 S.W.3d at 238. An arbitrator's failure to correctly apply the law will not justify vacating an arbitration award. *Id.*; *Xtria*, 286 S.W.3d at 591. The common law ground of gross mistake "does not mean an egregious mistake of fact or law." *Xtria*, 286 S.W.3d at 598. To set aside an arbitration award on the ground of gross mistake, there must be more; the record must show bad faith or failure to exercise honest judgment on the part of an arbitrator. *See id.*; *Werline*, 209 S.W.3d at 898.

It is clear from the arbitration hearing record and the panel's lengthy written decision that it gave serious consideration to the parties' contentions, evidence, and arguments. The

---

[4] ENM briefly questions whether the arbitration award is subject to challenge on common law grounds following the United States Supreme Court decision in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) (holding parties could not by agreement expand statutory grounds for judicial review of arbitration award under FAA). However, ENM did not provide any argument on this issue. Moreover, the *Hall Street* opinion itself states that the Court was "deciding nothing about other possible avenues for judicial enforcement of arbitration awards" such as "enforcement under state statutory or common law." 552 U.S. at 590; *see also Nafta Traders*, 339 S.W.3d at 91-101 (extensively discussing *Hall Street* opinion and declining to apply its principal holding to case under the TAA). We therefore decline to hold that *Hall Street* forecloses Aspri's common law challenge to the award.

arbitration panel did not ignore Aspri's res judicata defense, but gave it serious consideration. Nothing in the record suggests the panel made its decision in bad faith or failed to exercise honest judgment. Moreover, although Aspri conclusorily urged the panel to bar ENM's claims on res judicata grounds in its pleading and argument, nothing in the record Aspri filed in the trial court shows that it provided the arbitrators relevant law on res judicata or substantive guidance on how to apply the law to the facts of this case. The trial court should not overturn an arbitration award rendered after honest consideration given to claims and defenses presented to it, no matter how erroneous. *See Xtria*, 286 S.W.3d at 598; *Werline*, 209 S.W.3d at 898. Accordingly, we hold the trial court did not err in denying the motion to vacate on this ground.

### *D. Did the trial court err in denying the motion to vacate the award because the award violates public policy?*

Aspri next argues the trial court should have vacated the arbitration award because it violates fundamental Texas public policy. In *CVN Group*, the Texas Supreme Court assumed, but did not decide, that a common law challenge to an arbitration award on the ground it violates public policy is not preempted by the TAA. 95 S.W.3d at 237-38. Subject to that assumption, the court held that "an arbitration award cannot be set aside on public policy grounds except in an extraordinary case in which the award clearly violates carefully articulated, fundamental policy." *CVN Group*, 95 S.W.3d at 239. Because of the strong policy in favor of enforcing arbitration awards, any claim that an award should be vacated for violating public policy "must be carefully scrutinized to protect the arbitration award from unwarranted judicial interference." *Id.* at 239.

To justify overturning an arbitration award on public policy grounds, the policy must be well-defined and dominant. *See id.* at 238-39 (citing *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 766 (1983)). If the arbitrator "wholly disregard[s]" such a policy and makes an

arbitration award "in direct contravention of" the policy, the award might be set aside. *Id.* at 239. But when the facts are disputed and the issue is submitted to the arbitrator, "an arbitrator's mere disagreement with a judge" about the application of the law does not violate public policy. *Id.*

In *CVN*, the petitioner contended the arbitration award violated homestead protections found in the Texas Constitution. *Id.* The court agreed that the homestead is given special protection in the Texas Constitution and the Texas Property Code, and that an arbitration award that wholly contravened those protections would violate public policy. *Id.* The court also noted that an award based on a claim arising out of an illegal transaction would violate public policy. *Id.* at 237 (citing *Smith v. Gladney*, 128 Tex. 354, 98 S.W.2d 351, 351 (1936)); *see also Symetra Nat'l Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 14-07-00880-CV, 2009 WL 1057339, at *3 (Tex. App.—Houston [14th Dist.] Apr. 21, 2009, no pet.) (mem. op.) (vacating arbitration award that required transfer of structured settlement payment without court approval, in direct contravention of Texas Structured Settlement Protection Act); *Lee v. Daniels & Daniels*, 264 S.W.3d 273, 279-81 (Tex. App.—San Antonio 2008, pet. denied) (vacating award enforcing provision in attorney services contract that allowed recovery of fee prohibited by Texas Disciplinary Rules of Professional Conduct); *Lee v. El Paso County*, 965 S.W.2d 668, 673 (Tex. App.—El Paso 1998, pet. denied) (affirming trial court's order vacating arbitration award that directly conflicted with Texas constitutional provision that prohibits granting extra compensation for services already rendered).

We recognize that the common law doctrine of res judicata is rooted in public policies favoring the finality of judgments and disfavoring seriatim litigation. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 510 (Tex. 2010), *cert. denied*, 131 S.Ct. 1017 (2011); *Hallco Texas,*

*Inc. v. McMullen County*, 221 S.W.3d 50, 60 (Tex. 2006). Although res judicata is public policy in the sense that it is well-defined, it "must at times be weighed against competing interests and other public policy, and must, on occasion, yield to other policies." *Sullivan v. State*, 572 S.W.2d 778, 784 (Tex. Civ. App.—El Paso 1978, writ ref'd n.r.e.).

We do not believe that under the circumstances of this case the common law policy of res judicata dominates over Texas policy enacted into law in the TAA in favor of enforcing agreements to arbitrate disputes and enforcing arbitration awards except in extraordinarily narrow circumstances. The arbitration award does not arise out of an illegal transaction and does not award anything or require any act that violates the Texas Constitution or any legislative enactment. The decision of what res judicata effect to give the prior confirmed arbitration award was a matter of procedural arbitrability that was committed to the arbitration panel for decision. *See W. Dow Hamm*, 237 S.W.3d at 755-56. Under these circumstances, we will not hold that the award, made after the arbitration panel gave due consideration to the res judicata defense, violates public policy merely because this court may disagree with how the panel applied the law.

## DID THE ARBITRATION PANEL EXCEED ITS POWERS?

In its next issue, Aspri argues the trial court erred in denying its motion to vacate the award pursuant to section 171.088(a)(3)(A) of the TAA because the arbitration panel exceeded its powers. Aspri contends the arbitration panel exceeded its powers by arbitrating issues not related to the lease and beyond the scope of the arbitration agreement.

The scope of the arbitration is a matter of substantive arbitrability for a court to decide unless the parties clearly agreed otherwise. *See Howsam*, 537 U.S. at 84; *Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 39 (Tex. App.—Houston [1st

Dist.] 2007, pet. denied). Here, the lease's arbitration provision requires all controversies and claims arising out of or relating to the lease or its breach to be arbitrated in accordance with the rules of the American Arbitration Association. Those rules, which were introduced into evidence at the confirmation hearing in the trial court, provide that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Most courts have concluded that where the parties' agreement did not limit the issues to be arbitrated or the applicability of the AAA rules, incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent to delegate issues of arbitrability to the arbitrator. *See Haddock*, 287 S.W.3d at 172-73 (discussing cases); *Burlington*, 249 S.W.3d at 40-42 (same). We conclude the parties agreed to submit arbitrability issues to the arbitrators.

Because the arbitration panel had the primary power to decide the scope of arbitration, the court's standard for reviewing the panel's decision on that matter is the same as the standard used in reviewing the panel's decision on substantive matters. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). That is, the trial court reviews the panel's determination with great deference, indulging all reasonable presumptions in favor of the panel's decision. *See CVN Group*, 95 S.W.3d at 238; *Roe v. Ladymon*, 318 S.W.3d 502, 511 (Tex. App.—Dallas 2010, no pet.). Any doubts concerning the scope of what is arbitrable should be resolved in favor of arbitration. *Centex/Vestal*, 314 S.W.3d at 684.

The scope of the arbitration panel's authority begins with the arbitration agreement, in which Aspri and ENM agreed the lease was subject to arbitration and that any "controversy or claim arising out of or relating to this agreement or the breach of this agreement" would be settled by arbitration. The agreement is very broad, encompasses a wide range of disputes, and

the language used is construed "as evidencing the parties' intent to be inclusive rather than exclusive." *See Centex/Vestal*, 314 S.W.3d at 685. Moreover, the parties may, by their oral and written submissions to the arbitrator, broaden the scope of the arbitrators' authority. In this case, at the end of the arbitration, after all the evidence had been presented, one of Aspri's attorneys emphatically asked the panel to decide all of the issues between the parties:

> These parties need a ruling on all the issues, and I think this panel has the power to do that. And we are asking the panel to render all relief that's possibly due at law or in equity so that all the issues between the parties are resolved.

Finally, it is evident from the award that the parties made written submissions to the panel that were not included in the record filed in the trial court. We presume the omitted portions of the record support the award. *See In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. denied).

Aspri contends the arbitration panel exceeded its powers by awarding damages related to a lien that arose from a note to a third party, awarding an "offset" for amounts unrelated to the lease, and by "entertaining claims of Tony Afeef – a nonparty – and treating him as if he was owner of ENM." The panel awarded damages for loss of business reputation and lost profits caused in part by Aspri's wrongful filing and failure to remove a lien. Aspri asserts this issue is unrelated to the lease and adjudicates the rights of third parties. Aspri contends the lien arose out of a note ENM gave to a third party in 2005, when ENM assumed the lease. As part of the transaction, ENM signed a note and granted a security interest to the third party. The note and security interest were later assigned to Aspri. Aspri argues the arbitrators exceeded their powers by awarding damages "resulting from the filing of a lien for the debt owed under the . . . note." Regardless of the actual legal basis for any lien, Aspri filed a landlord's lien in the real property records during the first arbitration pursuant to sections 54.021 and 54.022 of the Texas Property

Code. The lien statement asserted that ENM owed Aspri past-due rent and attorney's fees totaling over $40,000. During the presentation of evidence, one of the arbitrators stated that the lien should have "gone away" if the eviction was wrongful and ENM did not owe rent. Aspri's attorney responded, "I completely agree." The panel found that Aspri did not remove or release the lien after the 2007 arbitration award declared that ENM did not owe Aspri any rent or attorney's fees, and that such failure to act was wrongful and was intended to harm ENM.

Aspri also contends that approximately $160,000 of the arbitration award was for amounts unrelated to the lease or its breach. The panel found as a matter of fact that when Aspri terminated the lease in 2006, Aspri owed ENM $116,119.61 "related to the Business and this Lease"; that Aspri had agreed to offset this amount against rents owed under the lease and/or the purchase price pursuant to the lease's purchase option; that Aspri did not dispute the amount of the offset; and that, as of the date of the award, Aspri had not paid any of this amount to ENM or offset it against any amounts Aspri claimed was due it. Aspri does not directly challenge any of the arbitration panel's findings of fact in its briefs, and at oral argument of this appeal, Aspri's attorney stated it was not contesting any of the findings of fact. The arbitration panel could rationally have concluded that both these matters arose out of or were related to the lease or its breach, and Aspri failed to show the trial court erred by not deferring to the arbitration panel's determinations that these matters were issues the parties agreed to arbitrate.

Lastly, Aspri contends the arbitrators determined Tony Afeef's individual rights and obligations and adjudicated his individual tort claims.[5] The arbitration award does not adjudicate any causes of action by or against Tony Afeef, individually, nor does it award any sum of money to him. Aspri suggests that the $50,000 punitive damage award was based solely on torts

---

[5] Tony Afeef is the son of Maryam Afeef, ENM's owner. Tony Afeef was the manager of ENM's store and had responsibility for its day-to-day operations. In addition, he acted as ENM's corporate representative throughout the proceedings.

committed against Afeef. We disagree. Although the panel found that Aspri intentionally inflicted emotional distress against Maryam Begum Afeef and "the corporate representative" Tony Afeef, it found that damages had not been proven and none were awarded. The panel's award of exemplary damages is supported by its unchallenged findings and conclusions that Aspri committed theft and conversion and that ENM proved fraud by clear and convincing evidence.

We conclude that Aspri has not shown grounds for the trial court to do anything other than defer to the arbitration panel's determinations about the scope of the arbitration, and we hold the trial court did not err in failing to vacate on the ground the arbitrators exceeded their powers.

### DID THE ARBITRATION PANEL COMMIT GROSS MISTAKE?

In its final issue, Aspri argues the trial court erred by not vacating the award for gross mistake. Aspri challenges the competence and sufficiency of the evidence supporting the damage awards and concludes "the panel obviously sought to punish Mr. Virani" (Aspri's agent).

As discussed above, a party challenging an arbitration award on the ground of gross mistake has the burden of demonstrating the arbitrators acted in bad faith or failed to exercise honest judgment. *Xtria*, 286 S.W.3d at 598; *Werline*, 209 S.W.3d at 898; *Pheng Inv., Inc. v. Rodriquez*, 196 S.W.3d 322, 330-31 (Tex. App. Fort Worth 2006, no pet.). "Gross mistake results in a decision that is arbitrary and capricious;" whereas "a judgment rendered after honest consideration given to conflicting claims, no matter how erroneous, is not arbitrary or capricious." *Xtria* at 598. An arbitrator's decision is arbitrary and capricious if it is the product of "willful and unreasoning action, action without consideration and in disregard of the facts and

circumstances of the case." *Grand Int'l Bhd. Of Locomotive Eng'rs v. Wilson*, 341 S.W.2d 206, 211 (Tex. Civ. App.—Fort Worth 1960, writ ref'd n.r.e.).

The arbitration panel's extensive findings of fact set forth in detail the evidence it relied upon and the qualifications of the witnesses whose testimony it relied on, and explains how it arrived at its conclusions. The reporter's record of the arbitration and panel's written decision evidence an attempt to ascertain disputed facts and to justly decide the claims and defenses presented in a fair hearing. *See Pheng*, 196 S.W.3d at 330-31. That Aspri may disagree with the panel's credibility determinations or the weight to be given to particular evidence does not render the panel's decision arbitrary and capricious, evidence bad faith, or show a failure to exercise honest judgment. Aspri's arguments amount to nothing more than challenges to the legal and factual sufficiency of the evidence and alleged errors in the application of the substantive law, which we have no power to review. *See id.; Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 435 (Tex. App.—Dallas 2004, pet. denied); *J.J. Gregory Gourmet Servs, Inc. v. Anton's Imp. Co.*, 927 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1995, no writ). Aspri has not pointed to anything other than the result as evidence of bad faith or bad motive. It did not establish gross mistake and the trial court therefore did not err in denying the motion to vacate on that ground.

For these reasons, we affirm the trial court's judgment.

Steven C. Hilbig, Justice